UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| Plaintiff, | ) Case No. 3:19-cv-783 |
| v. | ) Judge |
| **S&N Realty Company,** an Ohio corporation for profit | ) |
| And | ) |
| **DW Restaurant Holder, LLC**, a Delaware limited liability company | ) |
| Defendants. | ) |

NOW COMES Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Counsel for Plaintiff, who hereby files this Complaint against the named Defendants for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188 *et seq.*, against the Defendants as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendants' violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

1

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendants' property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Leland Foster ("Plaintiff" or "Mr. Foster"), is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **S&N Realty Company** owns the property and Defendant **DW Restaurant Holder, LLC** operates the business located at 4782 Monroe St, Toledo, OH 43623 in Lucas County, Ohio, which is a restaurant known as "Hooters." Plaintiff has patronized Defendants' property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Upon information and belief, the facility owned or operated by the Defendants is non-compliant with the remedial provisions of the ADA. As Defendants either own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendants' restaurant is a

place of public accommodation. Defendants' property fails to comply with the ADA and its regulations, as also described further herein.

7. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

8. Mr. Foster is a Fulton County, Ohio resident and frequents the parks, restaurants, restaurants, businesses and establishments of Toledo, Ohio and surrounding area, including the Defendants' property that form the subject of this complaint.

9. On April 5, 2019 and on many other previous occasions, Plaintiff has patronized the Defendants' restaurant, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendants' place of public accommodation.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access;

proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as customer and as a "tester," visited the restaurant, encountered barriers to access at the restaurant, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the restaurant without fear of discrimination.

12. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendants have discriminated, and are continuing to discriminate, against the

Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the restaurant owned or operated by Defendants has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

Parking and Accessible Routes:

    A. There is no designated van accessible parking, in violation of the ADA whose remedy is readily achievable.

    B. There is an insufficient number of designated accessible parking spaces in each of the Defendants' two parking facilities.

    C. There are designated accessible parking spaces and access aisles with faded paint that have not been properly maintained, violating maintenance of accessible features as per Section 36.211 of the ADA, which remedy is readily achievable.

    D. Designated accessible parking spaces access aisles do not lead to an accessible route, in violation of the ADA whose remedy is readily achievable.

    E. Designated accessible parking lacks identifying signage and any existing signage is non-compliant, in violation of the ADA whose remedy is readily achievable.

    F. The interior ramp connecting elements inside the restaurant lacks handrails on both sides, in violation of the ADA whose remedy is readily achievable.

    G. The ramp leading from the parking facility on the east of the building to the patio entrance is recently renovated but does not have handrails on both sides or

handrails with compliant gripping surfaces; in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

    H. There is not at least 5% of seating and standing dining surfaces that are accessible in the restaurant, in violation of the ADA whose remedy is readily achievable.

    I. There is no lowered portion of the bar for use by customers in wheelchairs, whereas a 60" minimum width section of the bar that is 28" - 34" above the floor and that has minimum knee and toe clearance 19" deep and 27" high is required, in violation of the ADA whose remedy is readily achievable.

Restrooms:

    J. There are exposed pipes at the lavatories in the men's and women's restrooms that are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

    K. The coat hook inside the designated accessible toilet compartment in the men's and women's restrooms is mounted in excess of required reach range, in violation of the ADA whose remedy is readily achievable.

    L. The urinals in the men's restroom are mounted above allowable height range and do not have required maneuvering clearance for a forward approach for wheelchair users, in violation of the ADA whose remedy is readily achievable.

M. The designated accessible toilet compartment in the men's and women's restrooms contains missing and non-compliant grab bars, in violation of the ADA whose remedy is readily achievable.

N. The seat on the water closet in the men's and women's restroom is below the required height above the floor, in violation of the ADA whose remedy is readily achievable.

O. The toilet compartment door in the men's and women's restrooms is not self-closing, in violation of the ADA whose remedy is readily achievable.

P. The men's and women's restroom toilet compartment door swings into the required clear floor space, in violation of the ADA whose remedy is readily achievable.

Q. The men's and women's restroom designated accessible toilet compartment lacks required clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

R. The hardware on the men's and women's restroom toilet compartment door requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

S. The locking hardware in the men's restroom toilet compartment requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

T. The lavatory hardware in the men's restroom requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

U. There are amenities in the men's and women's restroom, including paper towel dispensers and soap dispensers, mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

V. The baby changing station in the women's restroom does not have required clear floor space for a forward approach, in violation of the ADA whose remedy is readily achievable.

W. The men's and women's restroom doors do not have required maneuvering clearance on the latch side to exit the restrooms, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures:

X. The Defendants lack or have inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

15. The discriminatory violations described in Paragraph 14 by the Defendants are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested

8

herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

### COUNT I
### VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The restaurant at issue, as owned or operated by Defendants, is a place of public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the restaurant accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. The Defendants operate or own a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

23. Defendants have committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. The Defendants' acts are willful, severe and ongoing. Whereas, since the location's opening in 1997 and subsequently since 2014, the entire duration of time since the Defendant DW Restaurant Holder, LLC has operated this Hooters restaurant location, the owner and operator has not created compliant accessible parking, compliant accessible routes, made available compliant wheelchair accessible seating and standing dining surfaces, or had any accessible toilet compartments or urinals for to benefit Mr. Foster or any of its disabled patrons.

24. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full

and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
(419) 241-9737 - Facsimile
Email: valeriefatica@gmail.com